UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBORAH THOMAS

VERSUS

GARRY LINUEL LEWIS, ET AL.

CIVIL ACTION

NO. 14-463-JWD-RLB

RULING ON MOTION

This matter is before the court on a motion by defendants, Garry and Brenda Lewis, to dismiss for failure to state a claim and for failure to join all necessary parties. Plaintiff, Deborah Thomas, has filed an opposition. Defendants have filed a reply. There is no need for oral argument.

Deborah Thomas brings this action under the Americans with Disabilities Act, 42 USC §12181, et seq., seeking declaratory and injunctive relief. Plaintiff claims that she requires a wheelchair for mobility due to being disabled with paraplegia. She claims that Garry and Brenda Lewis "are the owners, lessors, lessees and/or operators" of "Government Village generally located at 5223 Government Street, Baton Rouge, Louisiana" which she refers to as "the Facility." Plaintiff claims that the Facility is a place of public accommodation that has several "architectural barriers" preventing her from accessing the businesses there. She further claims to have encountered the following "barriers" when she visited the Facility on "numerous times" on unspecified occasions in the past: insufficient disabled parking; curb ramps that have excessive slopes or improper side flares; portions of parking area that do not lead to a curb cut onto the Facility's sidewalk; insufficient disabled seating at the Facility; non compliant door knobs in the restroom that require tight grasping and twisting; restroom

1

pipes lacking insulation to prevent sharp contact or abrasion; a restroom mirror that is too high off the finished floor, and insufficient clear floor space in the restroom.

Defendants move to dismiss on the basis that plaintiff has failed to state a claim against them because: (1) the Facility is a "strip shopping mall consisting of at least eight different businesses;" (2) plaintiff fails to specifically identify the businesses that she visited or attempted to visit; and/or (3) there is no indication of dates or precise location of the alleged architectural barriers.

Under Fed. Rule Civil P. 12(b)(6), a court must accept all well-pleaded factual allegations as true. Facts must be viewed in the light most favorable to the non-movant. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id*. at 556. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In her opposition, plaintiff argues that defendants raise matters outside (or contrary) to the allegations made in the complaint. The court agrees with this assessment. However, the court agrees with defendants that the complaint fails to provide any indication as to where the restroom, parking and seating areas at issue are located within the Facility. The Court recognizes that plaintiff has cited similar ADA cases decided in the Eastern District of

Louisiana[1] for the proposition that she need not allege which businesses she visited or the specific time or reason for wanting to visit an establishment in the future. Those cases were decided in the context of "standing" and are not particularly germane to the instant motion.

Accordingly, defendants' motion (doc. 3) to dismiss for failure to state a claim is hereby DENIED with the proviso that plaintiff shall file an amended complaint within 14 days that describes with reasonable specificity: (1) the claims and allegations that she is asserting against the named defendants, including what portion of the Facility that she clams they own or lease; (2) when she claims to have encountered and/or observed the alleged ADA violations listed in her complaint; and (3) the location on the premises where she encountered and/or observed the alleged ADA violations. Defendants' motion to dismiss (doc. 3) for failure to join necessary parties is DENIED at this time.

Signed in Baton Rouge, Louisiana, on <u>October 28, 2014</u>.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[1] *Mayes v. PTP Investments, LLC*, 2014 WL 2155209 (E.D. La. 5/22/14) and *Tatum v. Bd. of Supe'rs for Univ. of Lousiana Sys.*, 2014 WL 1250102 (E.D. La. Mar. 26, 2014). Compare, *Deborah Thomas v. Little Caesar Enterprises, Inc., et al.*, Civil Action No. 14-171-SDD-SCR.